UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY WELFARE FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY PENSION FUND, )
TRUSTEES OF THE SPRINKLER INDUSTRY )
SUPPLEMENTAL PENSION FUND AND TRUSTEES )
OF THE INTERNATIONAL TRAINING FUND )
8000 Corporate Drive )
Landover, MD  20785 )
                                                  Plaintiffs, )
                       vs. ) C.A. NO.

MARION FIRE SPRINKLER & ALARM, INC. )
1820 N. Court Street )
Marion, IL  62959 )

Serve:  Andrew J. Allen, Registered Agent )
        1608 Venable Lane )
        Carterville, IL  62918 )

                                                  Defendant. )

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS
AND TO ENJOIN VIOLATIONS OF THE TERMS
OF AN EMPLOYEE BENEFIT PLAN)

### PARTIES

1.    Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund and Trustees of the International Training Fund (hereinafter "NASI Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3).  Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and

Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreements between Road Sprinkler Fitters and Apprentices Local Union 669, Sprinkler Fitters Local Union No. 268 and the Defendant. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

2. Defendant Marion Fire Sprinkler & Alarm, Inc. is a corporation existing under the laws of the State of Illinois with offices located in Illinois. Defendant transacts business in the State of Illinois as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## JURISDICTION

3. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

## COUNT I

4. Defendant is required to make contributions to the NASI Funds in accordance with the Collective Bargaining Agreements for each hour of work by employees performing installation of automatic sprinkler systems.

5. Defendant employed certain employees covered by the Collective Bargaining

Agreement during the months of December 2017 through the present performing work in the jurisdiction of Sprinkler Fitters Local Union 268.

6. Defendant is bound to the Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

7. Defendant has failed to make contributions in the amount of $29,679.76 due to Plaintiff Funds for the months of December 2017 through February 2018. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

8. Defendant's contributions on behalf of its sprinkler fitter employees for the months of December 2017 through February 2018 are late.

9. Pursuant to the Trust Agreements and the Guidelines, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> (1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.
>
> (2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.
>
> (3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

10. Pursuant to this provision, Defendant is obligated to Plaintiff NASI Funds in the amount of $5,935.05 for liquidated damages assessed on the late contributions for the months of December 2017 through February 2018, plus interest at the rate provided in the Trust Agreements, the Guidelines and 29 U.S.C. Section 1132(g) from the date of delinquency to the date of payment.

**WHEREFORE**, in Count I, Plaintiff Funds pray judgment as follows:

A.  In the amount of $29,679.76 in contributions for December 2017 through February 2018, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

B.  In the amount of $5,935.95 for liquidated damages assessed on the late contributions for the months of December 2017 through February 2018, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

C.  For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

D.  For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C. 20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By: _____/s/_____
Charles W. Gilligan
Maryland Bar No. 05682
Attorneys for Plaintiffs

299499_1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 14th day of March, 2018 on the following:

    The Office of Division Counsel
    Associate Chief Counsel (TE/GE) CC: TEGE
    Room 4300
    1111 Constitution Avenue
    Washington, DC 20224
    Attention: Employee Plans

    Secretary of Labor
    200 Constitution Avenue, N.W.
    Washington, DC 20210
    ATTENTION: Assistant Solicitor for
        Plan Benefits Security

                                                 /s/
                                      Charles W. Gilligan

299499_1